UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

CASE NO.:     6:14-CV-1101-ORL-37-GJK

RICHARD CRUDDAS, an individual
On behalf of himself and all others
Similarly situated,

     Plaintiff,

v.

FINANCIAL CREDIT SERVICES, INC. d/b/a ARA, INC.
and d/b/a ASSET RECOVERY ASSOCIATES

     Defendant.

_____/

## CLASS ACTION COMPLAINT SEEKING ACTUAL AND STATUTORY DAMAGES AND DISGORGEMENT OF FUNDS
### JURY DEMAND

1.    On behalf of the putative class, Plaintiff, RICHARD CRUDDAS, alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). Simply put, Defendant, FINANCIAL CREDIT SERVICES, INC., has purchased more than forty consumer debts for collection, and taken actions to collect on those debts, without first obtaining a license[1] to collect

---

[1] For the purpose of semantic accuracy, the FCCPA utilizes the word *register* and/or *registration*. The words *license* or *licensure* in the instant Complaint are intended to convey the same meaning per the aforementioned statute.

consumer debts in the State of Florida as mandated by § 559.553 of the Florida Consumer Collection Practices Act ("FCCPA").

2.     On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

3.     Plaintiff maintains that Defendant's actions are quite simply unconscionable. *See* Fla. Stat. § 559.785 stating that it is a misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering." As such, Plaintiff, on behalf of the putative class, seeks statutory and actual damages under the FDCPA. Ultimately, Plaintiff seeks a judgment for the total dollars unlawfully collected by Defendant from the members of the putative class at all times that that Defendant was unlicensed over the last year.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction under 28 U.S.C §§ 1331, 1337 and 15

U.S.C. § 1692k. Venue in this District is proper because Plaintiff resides here and

Defendants do business in this District.

## PARTIES

5.    Plaintiff, RICHARD CRUDDAS, is a natural person, and citizen of

the State of Florida, residing in Volusia County, Florida.

6.    Defendant, FINANCIAL CREDIT SERVICES, INC., is an out of

state debt collector, which engaged in debt collection activities in the State of

Florida without being registered as a "Consumer Collection Agency" as required

by Florida law.

7.    Defendant regularly collects debts allegedly owed to creditors with a

business presence in Florida.

8.    Defendant's website states: "At FCS, we resolve debts owed to almost

every major bank and credit card Company in the country."[2]

9.    Defendant has been sued numerous times in Florida for alleged

violations of the FDCPA arising from debt collection activity undertaken to collect

on debts arising from creditors with a business presence in Florida, including but

not limited to: Wells Fargo Bank, Mease Healthcare, and Chase Manhattan Bank.[3]

---

[2] http://fcsinc.biz/html/creditors.html (last accessed July 1, 2014)
[3] See respectively, *Palacios v. Financial Credit Services, Inc.*, Case No. 1:10-cv-23562-WMH
(S.D. Fla. 2010); *Salazar v. Financial Credit Services, Inc.*, Case No. 8:10-cv-02634-VMC-TBM

10.   Defendant regularly uses the mail and telephone in a business, the principal purpose of which is the collection of consumer debts.

11.   Defendant is a debt collector within the scope of the FDCPA.

12.   With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared at 15 U.S.C. § 1692:

*(a) Abusive practices*

There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

*(b) Inadequacy of laws*

Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

## FACTUAL ALLEGATIONS

### *Facts Relating to Mr. Cruddas*

13.   Defendant sought to collect an alleged credit card debt from Plaintiff by sending him a dunning letter on or about December 20, 2013. *See* "Exhibit A" attached.

---

(M.D. Fla. 2010); *Ferreiros v. Financial Credit Services, Inc.*, Case No. 1:08-cv-20338-ASG (M.D. Fla. 2008).

14.    Defendant's letter stated that "[y]our financial and credit history are currently being reviewed by our finalization department to determine our next course of action. Should this debt go unpaid our intention is to seek whatever remedies are available."

15.    Defendant's statement threatens legal action; however, Defendant was not registered as a Consumer Collection Agency at the time this letter was sent and received, and therefore Defendant could not have pursued any remedies for Plaintiff's non-payment of the alleged debt.

16.    Defendant first registered as Consumer Collection Agency on April 23, 2014. *See* attached "Exhibit B."

17.    Defendant has been engaging in collection activity in Florida since at least August 23, 2010. *See* Complaint of Fernando Palacios, attached as "Exhibit C." Upon information and belief, Plaintiff alleges that Defendant has engaged in debt collection activity in Florida continuously since at least that date.

***Defendant Was Not Legally Permitted to Collect Debts in the State of Florida***

18.    Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

19.   The FCCPA defines "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. 559.55(7). FINANCIAL CREDIT SERVICES, INC. does not fall within any of the exemptions contained within Fla. Stat. 559.553(4).

20.   FINANCIAL CREDIT SERVICES, INC. is a "consumer collection agency" as defined by the FCCPA because it is a debt collector engaged in the business of collecting consumer debts.

21.   The FCCPA regulates debt collectors "who use[] any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, **or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.**" Fla. Stat. 559.55(6) (emphasis added); *see also, Collins v. Erin Capital Management, LLC*, 290 F.R.D. 689, 701 (S.D.Fla. Mar 21, 2013) (order certifying FDCPA class action consisting of "(i) all persons (ii) whom were the subject of collection activity from Erin Capital (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in the form of **direct, indirect, voluntary, or involuntary payment** arising from or attributable to Erin Capital's collection

efforts (v) during the one year period prior to the filing of the original writ of garnishment in this action through the date of certification.") (emphasis added).

22.    As such, pursuant to Fla. Stat. 559.553(1) and 559.55(7), FINANCIAL CREDIT SERVICES, INC. was required to be licensed as a consumer collection agency by the State of Florida.

23.    Since the Eleventh Circuit's holding in *LeBlanc*, at least two Judges have ruled that collection activity, including the filing of a lawsuit, by an unlicensed debt collector violates the FDCPA. *See Balthazor v. Security Credit Services, LLC*, 2012 WL 171097, *3+ (S.D. Fla., Jan. 20, 2012) (Cohn, J.); *Collins v. Erin Capital Management, LLC*, Case No. 1:12-cv-22839-CMA (S.D. Fla. 2013) (Altonaga, J.) (Order dated Oct. 28, 2013).

24.    Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich, L.P.A.*, 130 S.Ct. 1605, 176 L. Ed. 2d 519 (2010).

## CLASS ACTION ALLEGATIONS

25.    This action is brought on behalf of the following class:

The "FDCPA Collection Class" consists of (i) all persons with Florida addresses (ii) who were directly or indirectly subject to any debt collection activity (iii) by FINANCIAL CREDIT SERVICES, INC., or by any party on behalf of FINANCIAL CREDIT SERVICES, INC., (iv) during the one year period prior to filing of the original complaint in this action through the date

of certification (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) originally owed to a credit grantor with a business presence in Florida. Excluded from the class definition is any class member whose debt was discharged in bankruptcy; excluded from the calculation of any actual damages are any monies collected by FINANCIAL CREDIT SERVICES, INC. after the entry of a judgment.

26.     Plaintiffs allege on information and belief based upon FINANCIAL CREDIT SERVICES, INC.'s use of form letters that the class is so numerous that joinder of all members is impractical.

27.     There are questions of law or fact common to the class, which common issues predominate over any issues involving only individual class members.

28.     The common factual issue common to the FDCPA Collection Class is whether members were subject to collection activity by FINANCIAL CREDIT SERVICES, INC. during the time period that it was not licensed. The principal legal issue for the FDCPA Collection Class is whether FINANCIAL CREDIT SERVICES, INC. engaged in debt collection without the requisite license in violation of the FDCPA.

29.     Plaintiff will fairly and adequately protect the interests of the classes. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the FDCPA and consumer-based class actions.  Neither Plaintiff

nor his counsel have any interests which might cause them not to vigorously pursue this action.

30.     Certification of the classes under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

(1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.

(2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

31.     Certification of a classes under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that Defendant has acted on grounds generally applicable to the class thereby making appropriate declaratory relief with respect to the class as a whole.

## COUNT I
## FAILURE TO OBTAIN A DEBT COLLECTION LICENSE AS MANDATED BY FLA. STAT. § 559.553 AND IN VIOLATION OF 15 U.S.C. §§ 1692e, 1692e(5), 1692e(10), and 1692f

32.     On behalf of the FDCPA Collection Class, Plaintiff incorporates the preceding allegations.

33.     FINANCIAL CREDIT SERVICES, INC. is liable to Plaintiff and the FDCPA Collection Class for its attempt to collect debts while unlicensed as well as those debts it actually collected. Defendant's failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while engaging in

debt collection in the State of Florida, violated 15 U.S.C. §§ 1692e and 1692e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice. Also, Defendant violated 15 U.S.C. §§ 1692e(5) and 1692f because threatening to take legal action while unlicensed in Florida is "'threat[ening] to take action that could not legally be taken' and . . . using 'unfair or unconscionable means to collect a debt.'" *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1189 (11th Cir. 2010) (quoting 15 U.S.C. §§ 1692e(5) and 1692f).

34.    WHEREFORE, Plaintiff, on behalf of the FDCPA Collection Class, requests that the Court enter judgment in favor of Plaintiff and the FDCPA Collection Class and against FINANCIAL CREDIT SERVICES, INC. for:

    a.  Statutory damages;

    b.  Actual damages;

    c.  Attorney's fees, litigation expenses and costs of the instant suit;

    d.  An Order requiring Defendant to disgorge all ill-gotten funds;

    e.  An Order certifying this matter pursuant to Rule 23(c); and

    f.  Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

Dated: July 7, 2014

Respectfully submitted,

SCOTT D. OWENS, ESQ.
PATRICK C. CROTTY, ESQ.
Scott D. Owens, P.A.
664 E. Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Phone: 954-589-0588
Fax: 954-337-0666
Email: Scott@ScottDOwens.com

By: /s/ Scott D. Owens
Scott D. Owens, Esq.
Florida Bar No. 0597651

/s/ Patrick C. Crotty
Patrick C. Crotty, Esq.
Florida Bar No. 0108541