**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

RICHARD CRUDDAS, individually and
on behalf of all others similarly situated,

    Plaintiff,

v.                                               Case No. 6:14-cv-1101-Orl-37GJK

FINANCIAL CREDIT SERVICES, INC.,

    Defendant.

## ORDER

This cause is before the Court on its own motion upon review of Plaintiff's Motion for Class Certification (Doc. 6).

The Court is aware of a split of authority regarding whether a defendant's attempt to "buy off" a class representative—by offering to fully settle his claim before the filing of a class certification motion—moots the controversy. *Compare Weiss v. Regal Collections*, 385 F.3d 337, 348 (3d Cir. 2004) (holding that relation back doctrine prevents an offer of judgment made prior to the filing of a motion for class certification from mooting a controversy), *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 920–21 (5th Cir. 2008) (same), *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1092 & n.3 (9th Cir. 2011) (same), *Lucero v. Bureau of Collection Recovery, Inc.*, 639 F.3d 1239, 1249 (10th Cir. 2011) (same), *and Sampaio v. People First Recoveries, LLC*, No. 07-22436-Civ., 2008 WL 509255, at *1 (S.D. Fla. Feb. 19, 2008) (Ungaro, J.) (same), *with Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011) (holding that an offer to fully settle the representative's claim prior to the filing of a class certification motion moots the controversy, and noting that representatives may circumvent the buy-off problem by filing

the motion alongside the complaint), *and Keim v. ADF MidAtlantic, LLC*, No. 12-80577-CIV, 2013 WL 3717737, at *4–5 (S.D. Fla. July 15, 2013) (Marra, J.) (same).[1] *See generally Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 332, 339, 340 n.12 (1980); *Sosna v. Iowa*, 419 U.S. 393, 402 & n.11 (1975).

Given the unsettled state of the law, the representative plaintiff filed a placeholder motions for class certification. (*See, e.g.*, Doc. 6.) Because the U.S. Court of Appeals for the Eleventh Circuit has not yet weighed in on this issue, the Court will not deny without prejudice the instant motion—even though it is arguably premature—in order to avoid any potential mootness concerns. Instead, the Court will stay the disposition of the motion until it is fully briefed and the Court has a reasonable chance to consider the appropriateness of class certification. *See Sosna*, 419 U.S. at 402 n.11.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. The consideration of Plaintiff's Motion for Class Certification (Doc. 6) is **STAYED**.

2. The Clerk is **DIRECTED** to electronically terminate the motion (Doc. 6) for administrative purposes only. For the purposes of potential mootness, the Court considers the motion pending.

3. The parties are **DIRECTED** to include a proposed briefing schedule and hearing date for class certification in their joint Case Management Report. The Court will take the motion (Doc. 6) under advisement once it is fully briefed.

---

[1] *Cf. Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528–29 (2013) (examining a similar issue in the FLSA collective action context where the representative conceded mootness, but noting such actions' distinguishability from Rule 23 classes).

**DONE AND ORDERED** in Chambers in Orlando, Florida, on July 18, 2014.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record